**C. Larue DECKER and Celia Decker, Plaintiffs,**

v.

**FOX RIVER TRACTOR COMPANY, a Wisconsin corporation, Defendant.**

**No. 69-C-465.**

United States District Court,
E. D. Wisconsin.

Feb. 10, 1970.

Warshafsky, Rotter & Tarnoff, by Ted M. Warshafsky, Milwaukee, Wis., for plaintiffs.

Clark, Rankin, Nash, Spindler & Dean, by D. William Dean, Manitowoc, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant has moved to dismiss the action on the grounds that the statute of limitations had run against the plaintiffs' cause of action, and that the plaintiffs failed to file the security bond required of a nonresident plaintiff under local court rule 2(a).

The plaintiff allegedly sustained injury on October 10, 1967 in Pennsylvania. A complaint was filed here and a summons was issued out of this court on October 6, 1969. On October 9, 1969, the United States marshal served a man

thought to be the president of the defendant corporation; it was later discovered he was not. On November 25, 1969, proper service was made on an officer of the defendant corporation. Thus the complaint was filed and a summons was issued within two years of the accident, but the summons was not validly served until after two years had passed.

Because this action is based on diversity, we first look to the laws of Wisconsin. Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1948). Wis.Stats. § 893.205(1) provides in part:

> "But no action to recover damages for injuries to the person, received without this state, shall be brought in any court in this state when such action is barred by any statute of limitations of actions of the state or country in which such injury was received unless the person so injured shall, at the time of such injury, have been a resident of this state."

Thus by applying Wisconsin law, we are required to look to Pennsylvania law since the accident occurred in that state, and the plaintiffs are admittedly not residents of Wisconsin.

Title 12 Purdon's Pa.Stats.Anno. § 34, states in part:

> "Every suit hereafter brought to recover damages for injury wrongfully done to the person, in case where the injury does not result in death, must be brought within two years from the time when the injury was done and not afterwards * * *."

Therefore the question to be resolved is when, under Pennsylvania law, the action is deemed to be "brought". In Zoller v. Highland Country Club, 191 Pa.Super. 207, 156 A.2d 599 (1959), an appeals court in Pennsylvania has answered that question. The requirements of the statute of limitations were held to be met by the filing of the complaint, even though the original notice of suit did not reach the sheriff's office and was therefore not served within the statutory

two year period. In the case at bar, the complaint was filed and the United States marshal attempted to serve the defendant within the two years; thus an even stronger argument of a timely "bringing" of the suit can be made.

The Pennsylvania legislature apparently has not further defined when an action is "brought". I find the *Zoller* case to be dispositive of the issue, and thus I hold that the plaintiffs are not foreclosed from continuing to prosecute their action in this court.

█ As to the second ground for dismissal urged by the defendant, the plaintiffs filed the requisite bond on December 19, 1969; although the bond was late, I deny the defendant's motion to dismiss on this basis.

Now, therefore, it is hereby ordered that the defendant's motions to dismiss be and hereby are denied.