Joyce **MEREDITH** and Michael R. Meredith, Plaintiffs,

v.

**GLAMORENE PRODUCTS CORPORATION**, a foreign corporation, et al., Defendants and Third-Party Plaintiffs,

v.

**SERVICE WHOLESALERS OF WISCONSIN, INC.**, et al., Third-Party Defendants.

Civ. A. No. 69–C–542.

United States District Court,
E. D. Wisconsin.

Aug. 9, 1972.

398

Norman L. Schutz, Milwaukee, Wis., for plaintiffs.

Kurt H. Frauen and Paul J. Kraemer, Milwaukee, Wis., for defendants and third-party plaintiffs Glamorene Products Corporation and Lever Brothers.

Charles Q. Kamps, and Patrick M. Ryan, Milwaukee, Wis., for defendants and third-party plaintiff Owens-Illinois Co.

Clifford C. Kasdorf, Milwaukee, Wis., for third-party defendants Service Wholesalers of Wisconsin, Inc., Central Distributors, Inc., and Central Markets, Inc.

Sheldon D. Frank, Milwaukee, Wis., for third-party defendants GEX Milwaukee Corp., GEX Inc., of Milwaukee and National Bellas Hess, Inc.

Howard H. Koppa, Milwaukee, Wis., for third-party defendants GEX Inc., of Milwaukee and National Bellas Hess, Inc.

## OPINION AND ORDER

REYNOLDS, District Judge.

In this case plaintiffs have sued each of three corporate defendants on six causes of action to recover damages for injuries allegedly caused by faulty construction, labelling, and sale of a bottle of Glamorene Drain Opener. Defendant Owens Illinois Company has brought a motion for summary judgment seeking to have three of these causes of action dismissed as to it,[1] claiming that the applicable statute of limitations has run. Two of these causes of action, based on negligence and res ipsa loquitur, involve state-created rights and are before this court by diversity. The third, alleging violation of the "Federal Hazardous Substances Labelling Act," (15 U.S.C. § 1261 et seq.), also involves federal question jurisdiction. Cross v. Board of Supervisors of San Mateo County, 326 F.Supp. 634 (N.D.Calif.1968); Fine v. Philip Morris, Inc., 239 F.Supp. 361 (S.D.N.Y.1964).

The injury to plaintiff occurred on December 29, 1966. Plaintiffs filed their complaint in federal court on November 18, 1969, and defendant Owens Illinois was served on March 6, 1970.[2] The applicable statute of limitations for both the state-created causes of action and the cause based on a federal statute

1. The other defendants have not so moved because they were served within the limitations period.

2. The record is silent as to why defendant was served so late.

(which, as here, does not contain its own limitation) is Wis.Stats. § 893.205, the relevant portion of which provides:

"Within 3 years:

"(1) An action to recover damages for injuries to the person for such injuries sustained on and after July 1, 1955, * * *."

█ The question presented is whether this action was commenced by the filing of the complaint, which occurred within three years from the accident, or the date the individual defendant was served, which was sixty-seven days after that period. Plaintiffs contend that Rule 3 of the Federal Rules of Civil Procedure, which provides that "A civil action is commenced by filing a complaint with the court" applies, and that the action is thus properly commenced. Defendant cites Wis.Stats. § 893.39:

"An action shall be deemed commenced, within the meaning of any provision of law which limits the time for the commencement of an action, as to each defendant, when the summons is served on him or on a codefendant who is a joint contractor or otherwise united in interest with him."

Defendant moves for summary judgment dismissing the action because service was not made by the U. S. Marshal until after the limitations period had run.

This conflict between a federal rule and an opposing state law is one of the more troubling conflicts posed by the doctrine of Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), which established that where jurisdiction is based on diversity, state law must govern all substantive questions. Ragan v. Merchants Transfer and Warehouse Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949), cited by defendant, involved a Kansas statute of limitations question very similar to that in the present case and was decided in favor of the state law. The Court applied the "outcome-determinative" test of Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945), saying that since a state court would follow the Kansas statute that provided an action is commenced by the service of summons and would accordingly bar the action, the federal court must do likewise, even though the federal rules provide that the action is commenced by the filing of the complaint, in order to avoid granting recovery where the state would deny it. However, in 1965 the Supreme Court again considered the problem of a conflict between state law and a federal rule in Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). In that case defendant was served by having copies of the summons and complaint delivered to his home. This manner of service fulfilled the requirements of Rule 4(d) of the Federal Rules of Civil Procedure but not Massachusetts state law which required personal, in-hand service. The Court held that the federal rule should determine the manner of service rather than state law. While it refrained from explicitly overruling *Ragan*, the Court broadened the grounds for decision of an *Erie* question involving a federal rule and elaborated the simple "outcome-determinative" test applied in *Ragan* to a much more searching inquiry into the state and federal policies at issue. The Court clearly distinguished between the situations for which *Erie* and its progeny lay down the appropriate rule and the type of situation the line of cases construing the Enabling Act control, cases which discuss the validity of the federal rules, or their relevance to a particular situation. The Court stated that a major flaw in the case of respondent before it was the "incorrect assumption that the rule of Erie R. Co. v. Tompkins constitutes the appropriate test of the validity and therefore the applicability of a Federal Rule of Civil Procedure." *Hanna*, supra, at

469–470, 85 S.Ct. at 1143. The Court developed this concept:

> "When a situation is covered by one of the Federal Rules, the question facing the court is a far cry from the typical, relatively unguided *Erie* choice: the court has been instructed to apply the Federal Rule, and can refuse to do so only if the Advisory Committee, this Court, and Congress erred in their prima facie judgment that the Rule in question transgresses neither the terms of the Enabling Act nor constitutional restrictions." *Hanna,* supra, at 471, 85 S.Ct. at 1144.

The Court did not foreclose inquiry into the importance of the state law but directed that inquiry to determine whether choosing the federal rule would make such a difference to the character or result of the litigation that it would unfairly discriminate against the citizens of the state or encourage "forum-shopping." The Court in *Hanna* found that application of Rule 4(d) was within the scope of the Enabling Act and the bounds of constitutionality and would not discriminate against state citizens or encourage forum-shopping. It thus applied the federal rule rather than state law.

■ The question of whether *Hanna* supersedes *Ragan* in a diversity case involving whether filing of a complaint or service of a summons commences an action is not settled. The Second Circuit, faced with state law provisions identical to those in the present case and a similar set of facts, applied the *Hanna* criteria and held that Rule 3 should determine the time of commencement. Sylvestri v. Warner and Swasey Co., 398 F.2d 598 (2nd Cir. 1968). Other cases, however, including a recent case in this district, follow the result in *Ragan* and apply state law to that question. See Groninger v. Davison, 364 F.2d 638 (8th

Cir. 1966); Decker v. Fox River Tractor Co., 309 F.Supp. 648 (E.D.Wis. 1970). I feel that *Decker* does not control this case, for the problem of penalizing a plaintiff who took all required procedural steps for the inefficiency of a U. S. Marshal, which is raised by this case, was not at issue there where no bar to the action was found. I believe that the policy, announced in *Hanna,* of giving precedence to the federal rules, and the more probing criteria that case sets forth, clearly direct this court to go beyond the straight-forward outcome-determinative test of *Ragan.* While I agree that *Hanna* left open whether the result in *Ragan* was proper under *Hanna,* I find nothing to suggest that the Court intended one set of standards be used to govern situations applying Rule 3 of the Federal Rules of Civil Procedure, and another to govern situations involving all the rest of the federal rules.

Applying *Hanna,* I find that Rule 3 of the Federal Rules of Civil Procedure should govern this case. There is no question of Rule 3 overreaching the authority of the Enabling Act or the bounds of constitutionality. And I find no frustration of state policy, no discrimination against citizens of the state, or encouragement of forum-shopping. The major difference between federal and state procedure would come in those cases filed near the end of the limitations period. State law adapts its usual service requirements to this situation by providing a sixty-day period in which to accomplish service.

> "An attempt to commence an action shall be deemed equivalent to the commencement thereof, within the meaning of any provision of law which limits the time for the commencement of an action, when the summons is delivered, with the intent that it shall be

actually served, to the sheriff or other proper officer * * *. But such an attempt must be followed by the first publication of the summons or the service thereof within 60 days * * *." Wis.Stats. § 893.40.

The federal rules date the action from the filing of the complaint and use other measures to insure service within a reasonable time. Any policy distinction is not compelling enough to mandate the state procedure, nor would following the federal rule lead to forum-shopping. As long as the time of filing was within the statute, as is clearly the case here, following the federal rule is no inducement to choose the federal forum at the time that choice is made—the time the com plaint is filed. Sylvestri v. Warner and Swasey Co., supra, 398 F.2d at 606.

For all the above reasons I believe that Rule 3 of the Federal Rules of Civil Procedure should determine the time of commencement for this action. Plaintiffs filed their complaint well within three years of the accident, thereby commencing this action within the statutory period. Thus the statute of limitations presents no bar, and the defendant's motion to dismiss should be denied.

■ Finally it should be noted that even if the *Ragan* approach were followed, plaintiffs' cause of action under the federal statute would not be dismissed. In cases involving federal questions, Rule 3 clearly determines the time of commencement. 2 Moore's Federal Practice, ¶ 3.07 [4.–3–2] at 783 (2d ed. 1970).

It is therefore ordered that the motion of the defendant Owens Illinois Company for summary judgment dismissing plaintiffs' first, second, and sixth causes of action be and it hereby is denied.