**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**William Kenneth JOINER, Defendant-Appellant.**

**No. 74–1225
Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

July 17, 1974.
Rehearing Denied July 31, 1974.

---

1. Appellee's counsel declined to file a brief or orally argue the case.

2. 352 F.Supp. 429, *supra*.

\* Rule 18, 5 Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part. I.

Laurence L. Priddy, Fort Worth, Tex. (Court-appointed), for defendant-appellant.

Frank D. McCown, U. S. Atty., John W. Sweeney, Jr., Asst. U. S. Atty., Fort Worth, Tex., for plaintiff-appellee.

Before BROWN, Chief Judge, and THORNBERRY and AINSWORTH, Circuit Judges.

PER CURIAM:

Appellant, William Kenneth Joiner, was convicted of escaping from a federal corrections institute in violation of 18 U.S.C. § 751(a). The escape occurred while appellant was on a two-day furlough to attend divorce proceedings instituted by his wife against him. He failed to return at the end of his leave and three weeks later was arrested for a traffic offense and returned to custody.

On appeal Joiner contends (1) that the evidence was insufficient for conviction, (2) that the court erred in its charge to the jury on proof beyond a reasonable doubt, and (3) that the court erred in admitting into evidence the judgment and commitment of the offense for which he was originally convicted. We find no merit to these contentions and affirm.

■ Appellant contends that the evidence was insufficient to show that his failure to return from furlough was wilful. As a basis for this contention he relies on uncontradicted evidence that he is an epileptic and is subject to seizures, after which he becomes mentally confused. He testified that he suffered several seizures following the divorce hearing. Appellant contends that the shock of the divorce proceedings triggered epileptic seizures which left him confused, affected his memory, and rendered him incapable of wilful criminal intent. There was, however, substantial evidence on which the jury could have predicated its verdict of guilty. There was expert testimony to the effect that the usual length of time for mental confusion following epileptic seizures is a few hours and that it would be rare for such a condition to last as long as a day or two. The record also shows that defendant remembered various incidents while on escape status, such as his purchase of a car and hiring a person to drive it. Moreover, at the time of appellant's arrest he was able to respond to questions asked by the arresting officers. Taking the view most favorable to the Government, there was substantial evidence to support the verdict. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942).

■ The District Court instructed the jury that proof beyond a reasonable doubt is established "if the evidence is such as you would be willing to rely and act upon in the more important of your own affairs." While this type of charge has received some criticism because of the personal reference to a juror's willingness to act, as contrasted to that of the reasonable prudent man, such a charge does not warrant reversal. *See* Scurry v. United States, 1965, 120 U.S. App.D.C. 374, 347 F.2d 468; United

**1316**

States v. Releford, 6 Cir., 1954, 352 F.2d 36. The identical language objected to is used in Federal Jury Practice and Instructions, Section 8.01. Moreover, the challenged language is only a portion of an extensive and long-approved charge on reasonable doubt given by the District Court.

■ Appellant's objection to the introduction as a business record of a certified copy of his judgment and conviction is without merit. *See* Timms v. United States, 5 Cir., 1968, 403 F.2d 879.

Affirmed.