**UNITED STATES of America**

v.

**Jorge Luis AUDINOT, Appellant.**

**No. 89–3729.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) April 2, 1990.

Decided April 24, 1990.

Thomas S. White, Office of Federal Public Defender, Pittsburgh, Pa., for appellant.

Paul J. Brysh, U.S. Attorneys Office, Pittsburgh, Pa., for appellee.

Before HIGGINBOTHAM, Chief Judge, and COWEN and NYGAARD, Circuit Judges.

### OPINION OF THE COURT

NYGAARD, Circuit Judge.

Appellant Jorge Luis Audinot challenges a sentence imposed upon him under the Federal Sentencing Guidelines following a

plea of guilty to one count of escape. 18 U.S.C. § 751(a). Appellant escaped from a federal prison on September 20, 1986. He was recaptured on July 18, 1989. Meanwhile, the Federal Sentencing Guidelines were promulgated. Audinot was convicted of escape.[1] The district court concluded that Audinot had not accepted responsibility and that his offense level of 13 placed him in criminal category IV. The court treated Audinot's escape as a continuing crime, followed the Guidelines, and sentenced him to 27 months of imprisonment followed by three years of supervised release, and imposed a fifty dollar special assessment. Audinot appeals from that judgment, alleging that the district court improperly calculated his criminal history; failed to reduce his sentence when he accepted responsibility; and violated the Ex Post Facto Clause by imposing a guideline sentence. We have jurisdiction under 28 U.S.C. § 1291 to review a final sentence. We will affirm.

### I.

We review the district court's factual decisions regarding acceptance of responsibility reductions and criminal history calculations only for clear error. *See United States v. Ortiz*, 878 F.2d 125, 128 (3d Cir. 1989). The ex post facto issue is a question of law over which we exercise plenary review.

### II.

■ Audinot argues that his Guideline sentence violates the Ex Post Facto Clause, because he committed the escape before Congress enacted the Sentencing Guidelines. *See* U.S. Const. Art. I, Sec. 9, clause 3. The Ex Post Facto Clause protects a person against federal (and state) statutes which retroactively: punish as a crime an act which was innocent when committed; increase the punishment for a previously-committed crime; or deprive a defendant of existing defenses. *Weaver v. Graham*, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981); *Beazell v. Ohio*, 269 U.S. 167, 169–70, 46 S.Ct. 68, 70 L.Ed. 216 (1925); *United States ex rel. Forman v. McCall*, 709 F.2d 852 (3d Cir.1983). To establish an ex post facto violation, the defendant must demonstrate that the law was applied retroactively and "disadvantage[d] the offender affected by it." *Weaver*, 450 U.S. at 29, 101 S.Ct. at 964; *Crowell v. United States Parole Commission*, 724 F.2d 1406 (3d Cir. 1984). Audinot satisfies the second part of this test because the Guidelines mandate a consecutive sentence, prohibit probation for offenses with ranges above ten months, and do not provide for either parole or good time credit. *See* U.S.S.G. §§ 5G1.3, 5C2.-1(f).

■ Audinot also argues that because the Guidelines were applied retroactively to him, he also satisfies the first test. Retroactivity depends on whether or not escape is defined as a *continuing* crime. If it is, the Guidelines have not been applied retroactively and he has suffered no ex post facto violation. Although we have yet to address the question directly, in *U.S. v. Ofchinick*, 877 F.2d 251, 255 (3d Cir.1989), we stated in dictum:

> While we do not suggest that a person guilty of escape under 18 U.S.C. § 751(a) commits a continuing offense under that section by remaining at large, it is obvious that the public suffers an ongoing harm so long as a person who should be in confinement is free, for the judgment of sentence imposed by the court for the underlying offense is continually flouted.

---

**1.** Title 18 U.S.C. § 751(a) provides:

Whoever escapes or attempts to escape from the custody of the Attorney General or his authorized representative, or from any institution or facility in which he is confined by direction of the Attorney General, or from any custody under or by virtue of any process issued under the laws of the United States by any court, judge, or magistrate, or from the custody of an officer or employee of the Unit-ed States pursuant to lawful arrest, shall, if the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense, be fined not more than $5,000 or imprisoned not more than five years, or both; or if the custody or confinement is for extradition or by virtue of an arrest or charge of or for a misdemeanor, and prior to conviction, be fined not more than $1,000 or imprisoned not more than one year, or both.

Appellant suggests that we refused to define escape as a continuing crime by inserting this language. To the contrary, this statement expresses no opinion on the definition of escape. The statement in *Ofchinick* is unnecessary to the decision, and may not be relied upon by appellant to establish a definition of escape contrary to that given us by the Supreme Court in *U.S. v. Bailey*, 444 U.S. 394, 413, 100 S.Ct. 624, 636, 62 L.Ed.2d 575 (1980). In *Bailey*, the Supreme Court in a different context identified escape as a continuing crime.

> First, we think it clear beyond peradventure that escape from federal custody as defined in § 751(a) is a continuing offense and that an escapee can be held liable for failure to return to custody as well as for his initial departure. Given the continuing threat to society posed by the escaped prisoner, 'the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one', *Toussie v. United States*, 397 U.S. 112, 115 [90 S.Ct. 858, 860, 25 L.Ed.2d 156] (1970). Moreover, every federal court that has considered this issue has held, either explicitly or implicitly that § 751(a) defines a continuing offense. (citations omitted).

444 U.S. at 413, 100 S.Ct. at 636.

Audinot acknowledges the *Bailey* decision, but claims that because the case did not raise ex post facto issues, its holding must be limited to whether escape constitutes a continuing crime for the purpose of raising duress and necessity defenses. *Id.* at 414–15, 100 S.Ct. at 636–37. We disagree. Although different legal questions were posed in *Bailey*, we see no reason why we should create a different definition of escape for this case. Escape remains a continuing offense whether we are dealing with *Bailey* justification issues, or an ex post facto issue as raised herein. *See also United States v. Chapman*, 455 F.2d 746, 749 (5th Cir.1972) (even if fellow prisoners "force" an escapee to leave custody, failure to return voluntarily satisfies the escape or leave requirement of the crime's definition); *United States v. Cluck*, 542 F.2d 728, 732 (8th Cir.), *cert. denied*, 429 U.S. 986, 97 S.Ct. 506, 50 L.Ed.2d 597 (1976)

(where the escapee forms an intent to remain at large after leaving custody, s/he violates 18 U.S.C. § 751(a)); *United States v. Joiner*, 496 F.2d 1314, 1315 (5th Cir.), *cert. denied*, 419 U.S. 1002, 95 S.Ct. 321, 42 L.Ed.2d 278 (1974) (where escapee was released on a two-day furlough, failure to return to custody for three weeks following the furlough defined as an escape); *United States v. Michelson*, 559 F.2d 567, 570 (9th Cir.1977) ("continued absence from custody" constitutes a crime for purpose of evaluating mens rea after initial departure from custody); *United States v. Vanover*, 888 F.2d 1117, 1120 (6th Cir.1989) (escape constitutes a continuing crime for the purpose of applying a supervised release statute to an escapee whose initial escape occurred before passage of the statute, but whose recapture followed enactment).

We conclude that escape is a continuing offense and that every day away from custody serves as a "continuing threat to society", *Bailey*, 444 U.S. at 413–15, 100 S.Ct. at 636–37, and until recapture or surrender is an ongoing act of escaping. Thus, Audinot's sentence under the guidelines is not a retroactive application of the law.

### III.

Appellant also argues that the district court erred by not reducing his sentence when he accepted responsibility. *Ortiz*, 878 F.2d at 125. This is not correct. The district court weighed the evidence and found it insufficient to support a finding that he accepted responsibility. Appellant remained at large for 2½ years and never attempted to contact authorities or turn himself in. Although appellant supplied some evidence of remorse, the district court did not err when it rejected that evidence and, relying upon Audinot's fugitive status, found as a fact that he had not accepted responsibility for his acts.

### IV.

Finally, appellant claims that the district court improperly calculated his criminal history under §§ 4A1.1(d) and (e) of the Sentencing Guidelines. These provi-

sions authorize the addition of criminal history points where the defendant committed the offense while under criminal justice control *and* while incarcerated. In essence, Audinot claims that the district court assessed additional criminal history points for the same offense. We decided this very issue in *Ofchinick.* Although Audinot recognizes *Ofchinick* as binding precedent, he asks us to review that decision. We may not do so. Our internal operating procedures render a panel incompetent to overrule a prior decision of this Court. Chap. 8C, *Internal Operating Procedures of the United States Court of Appeals for the Third Circuit.*

### V.

For the foregoing reasons, the judgment of sentence entered by the district court on August 22, 1989 is affirmed.