Gloria DAHLBERG and Vince Dahlberg, individually and as the spouse of Gloria Dahlberg, Appellants,

v.

Dr. David L. HARRIS, Interstate Medical Center, P.A., St. John's Hospital, Appellees.

No. 90–5015MN.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 11, 1990.

Decided Oct. 10, 1990.

Raymond E. Schrank II, Madison, Wis., for appellants.

Timothy R. Murphy, St. Paul, Minn., for appellee Harris.

Thomas M. Countryman, St. Paul, Minn., for appellee Interstate Medical Center.

Before WOLLMAN and MAGILL, Circuit Judges, and HEANEY, Senior Circuit Judge.

MAGILL, Circuit Judge.

Gloria and Vince Dahlberg appeal from the district court's order granting appellees' motion for summary judgment because the applicable statute of limitations bars the Dahlbergs' medical malpractice action. The Dahlbergs contend that the district court erred in holding that the Wisconsin borrowing statute, Wis.Stat. § 893.07 (1987–88), requires the forum court to adopt the commencement provision of the jurisdiction whose statute of limitations applies. Because we believe the opinion the district court relied upon is not binding and that the Wisconsin Supreme Court would hold that the borrowing statute does not require the adoption of the commencement provision of the jurisdiction whose statute of limitations applies, we reverse.

I.

In June of 1987, Gloria Dahlberg, a Wisconsin citizen, sought treatment from Dr. David L. Harris, a Minnesota citizen, at the Interstate Medical Center, P.A., in Red Wing, Minnesota. On June 24, Dr. Harris performed surgery on Mrs. Dahlberg at St. John's Hospital, also located in Red Wing, Minnesota. After experiencing complications, Mrs. Dahlberg visited Dr. Harris

again on June 30, 1987. She received no further treatment from him after this date.

On June 28, 1989, the Dahlbergs filed a summons and complaint in the United States District Court for the Western District of Wisconsin, alleging negligence by Dr. Harris, the medical center, and St. John's in the course of Mrs. Dahlberg's treatment between June 24 and June 30, 1987. Sometime after the filing, the Dahlbergs mailed the summons and complaint to the Goodhue County Sheriff's Department in Red Wing, Minnesota for service on the appellees. The sheriff's office received the papers on July 24, 1989, and served the appellees on July 25, 1989.

By agreement of the parties, the action was transferred to the United States District Court for the District of Minnesota under 28 U.S.C. § 1404(a). After the transfer, the appellees moved for summary judgment on the ground that the statute of limitations barred the Dahlbergs' action. Because of Wisconsin's borrowing statute,[1] the applicable statute of limitations was Minnesota's two-year limit under Minn. Stat. § 541.07(1). The appellees argued that Minnesota's commencement of action rule determined whether the statute of limitation had been tolled. Under the Minnesota provision, Minn.R.Civ.P. 3.01(c), an action is commenced when the summons is delivered to the sheriff in the county where the defendant resides. Because the Goodhue County Sheriff's Department did not receive the summons until July 24, 1989, more than two years and three weeks after the cause of action had accrued, the appellees argued that the Dahlbergs' action was time-barred.

The Dahlbergs argued in response that the Wisconsin borrowing statute did not require the adoption of the Minnesota commencement provision, and that their action was timely under Wisconsin's commencement provision. Wisconsin law provides for commencement when the summons and complaint are filed. Wis.Stat. § 801.02(1) (1987–88). The Dahlbergs argued, therefore, that because they *filed* within two years of the cause of action's accrual, the Minnesota statute of limitations did not bar their claim.

The district court held that the Minnesota commencement provision applied, and that the Dahlbergs' action thus was barred. The district court noted that if the commencement issue were one of first impression it might have found that the Wisconsin rule applied. The court felt constrained, however, by the decision in *Decker v. Fox River Tractor Co.*, 309 F.Supp. 648 (E.D. Wis.1970), where a Wisconsin federal court in a diversity action applied another state's commencement provision after borrowing that state's statute of limitations under the predecessor to Wis.Stat. § 893.07.

## II.

■ The Dahlbergs contend on appeal that the district court erred in holding that under the Wisconsin borrowing statute, a forum court must look to the commencement provision of the jurisdiction whose statute of limitations applies to determine whether an action is time-barred. The issue is ultimately one of Wisconsin law. *See Birdsell v. Holiday Inns*, 852 F.2d 1078 (8th Cir.1988) (examining Missouri law to determine whether using Kansas statute of limitations in Missouri federal court diversity action requires adoption of Missouri or Kansas commencement provision). This diversity action was originally filed in a Wisconsin federal district court. That court was bound to apply Wisconsin's conflict of law principles. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). The venue transfer under 28 U.S.C. § 1404(a) did not change this, because under the Supreme Court's decisions in *Ferens v. John Deere Co.*, — U.S. —, 110 S.Ct. 1274, 108

1. Wis.Stat. § 893.07 states:

(1) If an action is brought in this state on a foreign cause of action and the foreign period of limitation which applies has expired, no action may be maintained in this state.

(2) If an action is brought in this state on a foreign cause of action and the foreign period of limitation which applies to that action has not expired, but the applicable Wisconsin period of limitation has expired, no action may be maintained in this state.

L.Ed.2d 443 (1990), and *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964), where either the plaintiff or the defendant initiates a § 1404(a) transfer, the law of the transferor forum applies. In this case, the transferor forum was bound to apply Wisconsin law. Therefore, the Minnesota district court was also bound to apply Wisconsin law.

■ Wisconsin's conflicts law pertaining to statutes of limitations is contained in Wis.Stat. § 893.07.[2] Section 893.07 is a borrowing statute that adopts the statute of limitations of another jurisdiction where the injury sued upon occurred in that jurisdiction and the "foreign" jurisdiction has a shorter limitations period than Wisconsin. The statute codifies the Wisconsin Legislature's policy decision that Wisconsin courts apply the shorter of conflicting periods of limitations. *See Guertin v. Habour Assurance Co.*, 141 Wis.2d 622, 415 N.W.2d 831, 834 (1987); Comment, *Wisconsin's Borrowing Statute: Did We Shortchange Ourselves?*, 70 Marq.L.Rev. 120, 121 n. 9 (1986). *See generally* R. Leflar, L. McDougal & R. Felix, American Conflicts Law § 128 (4th ed. 1986) (discussing borrowing statutes). Both parties to the present action agree that the borrowing statute requires the use of the two-year Minnesota statute of limitations for medical malpractice actions.

The only Wisconsin precedent on point is the 1970 *Decker* decision that the district court felt bound to follow. In *Decker*, the district court began by applying the predecessor[3] to § 893.07 to determine that a Pennsylvania statute of limitations applied in that action. The Pennsylvania statute stated in part: "Every suit hereafter brought to recover damages for injury

wrongfully done to the person, . . . must be brought within two years from the time when the injury was done and not afterwards. . . ." *Decker*, 309 F.Supp. at 649 (quoting Pa.Stat.Ann. tit. 12 § 34 (Purdon 1970)). The district court then declared: "Therefore the question to be resolved is when, under Pennsylvania law, the action is deemed to be brought." *Id.* After examining Pennsylvania case law, the district court found that an action is "brought" upon the filing of the complaint. *Id.* at 649–50.

It is our practice to defer to the state law rulings of a federal district court sitting in the state whose law is controlling. *Economy Fire & Cas. Co. v. Tri–State Ins. Co.*, 827 F.2d 373, 375 (8th Cir.1987). We will not defer, however, where the ruling is "fundamentally deficient in analysis, without a reasonable basis, or contrary to reported state-court opinion." *Id.* We decline to follow the *Decker* decision in this case because it contains no analysis at all. The court in *Decker*, without explanation, looked to the commencement law of Pennsylvania after borrowing Pennsylvania's statute of limitations. There was no examination of Wisconsin law, nor any discussion as to what the Wisconsin courts would do in that situation. Where state law is at issue, "it is the duty of the federal court to examine the state law and apply it as it anticipates the highest court of the state would." *Economy Fire & Cas. Co.*, 827 F.2d at 375. Because *Decker* is devoid of meaningful analysis and contains no discussion of Wisconsin law concerning the issue before us, we decline to defer.

We are thus faced with applying a state statute on a point that no reported Wiscon-

---

**2.** *See supra* note 1.

**3.** The predecessor statute, Wis. Stat. § 893.205(1) provided:

But no action to recover damages for injuries to the person, received without this state, shall be brought in any court in this state when such action is barred by any statute of limitations of actions of the state or country in which such injury was received unless the person so injured shall, at the time of such injury, have been a resident of this state.

In 1979, the Wisconsin Legislature redrafted the state's borrowing statute, renumbering it § 893.07, and changing it so that Wisconsin residents could not sue on a foreign cause of action if the foreign statute of limitations had expired. *Guertin*, 415 N.W.2d at 833–34 (citing the Judicial Council Committee's Note to § 893.07). Other than that substantive change, the rest of the statute was redrafted " 'only for greater clarity and ease of application.' " *Id.* at 834 (quoting the Judicial Council Committee's Note to § 893.07).

sin court decisions or attorney general opinions have addressed. In such a situation, a federal court "must determine what the highest state court would probably hold were it called upon to decide the issue." *Hazen v. Pasley,* 768 F.2d 226, 228 (8th Cir.1985). To make this determination, a federal court may review " 'relevant state precedents, analogous decisions, considered dicta, scholarly works, and any other reliable data tending convincingly to show how the highest court in the state would decide the issue at hand.' " *Kifer v. Liberty Mut. Ins. Co.,* 777 F.2d 1325, 1329–30 (8th Cir. 1985) (quoting *McKenna v. Ortho Pharmaceutical Corp.,* 622 F.2d 657, 663 (3d Cir.), *cert. denied,* 449 U.S. 976, 101 S.Ct. 387, 66 L.Ed.2d 237 (1980)).

The Wisconsin Supreme Court has interpreted § 893.07 on only two occasions. *See Scott v. First State Ins. Co.,* 155 Wis.2d 608, 456 N.W.2d 152 (1990); *Guertin v. Harbour Assurance Co.,* 141 Wis.2d 622, 415 N.W.2d 831 (1987). Of the two opinions, only the recent *Scott* decision is relevant to the case before us. The facts in *Scott* established that the plaintiff had been injured in Alberta, Canada by machinery designed, manufactured, and sold by Wisconsin residents. Six years after the accident, when the plaintiff was seventeen, the plaintiff commenced an action against the defendants in Wisconsin state court. The defendants urged dismissal on the ground that under § 893.07, Alberta's two-year statute of limitations had expired because § 893.07 also borrowed Alberta's tolling provision, which eliminated tolling for minors in their parents' custody. *Scott,* 456 N.W.2d at 155.

The Wisconsin Supreme Court noted that a conflict existed between the Alberta tolling provision, the adoption of which would have barred the plaintiff's claims, and the Wisconsin tolling provision, which had no custody restriction and thus would have allowed the claim to go forward. The court first determined that nothing in the Wisconsin tolling statute rendered it inapplicable to the borrowing statute or to Alberta's statute of limitations. *Id.* at 155. The defendants had argued that the Wisconsin tolling provision applied only to Wisconsin statutes of limitations, and not to the Alberta statute. The Wisconsin Supreme Court rejected that argument, stating that "through the operation of [§] 893.-07(1) *the Alberta period of limitation becomes a statute in chapter 893." Id.* at 156 (emphasis added). Later in the opinion the court stated: "While the 'borrowed' foreign statute determines the applicable period of limitation, we look to the Wisconsin tolling law to determine if that period has expired." *Id.* at 157. The court concluded that its decision was "easy to apply" and that it created a "bright-line rule which obviates uncertainty in assessing the timeliness of the action." *Id.* (citing *Guertin,* 415 N.W.2d at 831).

By analogy, the Wisconsin Supreme Court's opinion in *Scott* is instructive. As in *Scott,* the defendants in this case urge the application of a foreign state's non-limitation provision in conjunction with its statute of limitations. As was the case in *Scott,* nothing in Wisconsin's commencement provision renders it inapplicable to the borrowing statute or to Minnesota's statute of limitations. The *Scott* court determined that the borrowed statute of limitations becomes part of the Wisconsin statutory scheme, and therefore is subject to the Wisconsin tolling provision. Following that reasoning, the Minnesota statute of limitations applicable in this case becomes simply another Wisconsin statute, one subject to the Wisconsin commencement provision. Furthermore, combining the Minnesota statute of limitations and the Wisconsin commencement provision creates the same sort of "easy to apply, bright-line rule" the *Scott* court created by combining the Alberta limitations period and the Wisconsin tolling provision. For those filing suit in Wisconsin courts, it certainly would be easier to commence a suit under Wisconsin law than to have to anticipate a statute of limitations defense, attempt to find out whose statute would apply, and then determine what that state's commencement provision requires. Therefore, the opinion in *Scott* strongly supports an interpretation of the borrowing statute that does not re-

quire adoption of the foreign jurisdiction's commencement provision.

The Wisconsin Supreme Court's opinion in *Korth ex rel. Lucas v. American Family Ins. Co.*, 115 Wis.2d 326, 340 N.W.2d 494 (1983), further supports this construction. In *Korth*, the court determined that parents who sued in conjunction with their minor child could take advantage of the Wisconsin's minor tolling provision so that their claim was not time-barred. In reaching this decision, the court stated that when "construing statutes of limitations, we look to other policies as well." *Korth*, 340 N.W.2d at 497. The court subsequently stated:

> While an interpretation of a statute of limitations should not unduly prolong the time period during which a suit may be commenced, *the interpretation should also be sensitive to protecting access to the courts. From the parents' perspective, the parents' interpretation of [the tolling and commencement provisions] is reasonable and another interpretation would unfairly deny them access to court.*

*Id.* (emphasis added). The court explicitly stated that one of Wisconsin's practices when construing statute of limitations cases was to "apply a fair and reasonable construction of the statutory provisions." *Id.*

Fairness and protecting access to the courts were factors the Seventh Circuit considered when interpreting and applying the Wisconsin borrowing statute in *Beard v. J.I. Case Co.*, 823 F.2d 1095 (7th Cir. 1987). The Seventh Circuit held in *Beard* that the Wisconsin borrowing statute required the use of another jurisdiction's statute of limitations, but did not require the use of the other jurisdiction's period of repose.[4] *Id.* at 1098. *Beard* involved a diversity action filed in a Wisconsin federal district court and governed by Tennessee substantive law. The borrowing statute required use of Tennessee's statute of limitations, and the defendants in *Beard* ar-

gued that the borrowing statute also required the use of Tennessee's period of repose. The Seventh Circuit observed that the Wisconsin Supreme Court consistently construes state statutes so as to avoid barring plaintiffs' claims and thus possibly conflicting with the "Remedy for Wrongs" provision of the Wisconsin Constitution. *Id.* at 1101. This provision guarantees " '[e]very person [a] ... certain remedy in the laws for all injuries or wrongs which he may receive in his person, property, or character.' " *Id.* (quoting Wis.Const.Art. I § 9). That Tennessee substantive law would govern the case did not lessen the possibility that applying Tennessee's period of repose might violate the Remedy for Wrongs provision: "Once a legal right enforceable in the state of Wisconsin is created, the Remedy for Wrongs provision applies regardless of the original source of the right." *Id.* at 1103 (citation omitted). The Seventh Circuit reasoned:

> In this case, the plaintiffs' Tennessee law claims are enforceable in the courts of Wisconsin. However, if the Wisconsin borrowing statute mandates the use of Tennessee's period of repose, the plaintiffs will have no opportunity to litigate the merits of their claims in the Wisconsin courts. Therefore, there is a significant possibility that the borrowing statute violates the Wisconsin Constitution. In order to avoid that possibility, we follow the example of the Wisconsin Supreme Court and seek to construe the statute in a manner that avoids the risk of it being held unconstitutional.

*Beard*, 823 F.2d at 1103 (citations omitted). The circuit court then reviewed the plaintiffs' argument that "foreign period of limitation" means exactly that: "a period of limitation, not a period of repose." *Id.* Referring to this as a "reasonable construction of the statute that will eliminate any possibility of it running afoul of the restrictions imposed by the Remedy for Wrongs provision of the Wisconsin Constitution," the court held that the borrowing

---

4. "[A] period of repose bars a suit a fixed number of years after an action by the defendant (such as manufacturing a product), even if this period ends before the plaintiff suffers any injury." *Beard*, 823 F.2d at 1097 n. 1.

statute did not mandate the use of the Tennessee period of repose. *Id.*

Applying the language and policy considerations of the *Korth* and *Beard* opinions also supports an interpretation of the Wisconsin borrowing statute that does not require the adoption of a foreign jurisdiction's commencement provision. In this case, the Dahlbergs' interpretation of the Wisconsin borrowing statute is reasonable. The statute states simply that the foreign period of limitations will apply; nowhere does it state that the foreign jurisdiction's commencement provision will apply. To deny them access to the court because of an unforeseen, and perhaps even unforeseeable, construction of the borrowing statute would likely constitute the sort of unfairness the Wisconsin Supreme Court sought to avoid in *Korth.*

The Seventh Circuit's *Beard* analysis is equally instructive. The Remedy for Wrongs provision might be violated if we were to hold that Wisconsin's borrowing statute requires the adoption of a foreign jurisdiction's commencement provision. If we adopted that construction in this case, the Dahlbergs' claim would be barred in the Wisconsin courts, just as the *Beard* claim would have been. As the *Beard* court accepted a reasonable interpretation that avoided the possibility of conflict with the Remedy for Wrongs provision, so we accept the reasonable interpretation that the borrowing statute does not require the adoption of another jurisdiction's commencement provision.

Finally, Wis.Stat. § 893.15 (1987–88) also supports this construction. The statute provides in pertinent part: "(2) In a non-Wisconsin forum, the time of commencement or final disposition of an action is determined by the local law of the forum." In this case, the Minnesota district court is considered to be a "Wisconsin forum" under the *Van Dusen* and *Ferens* decisions. Section 893.15 reflects the Wisconsin Legislature's desire that outside Wisconsin, the foreign forum's commencement rules apply. The logical corollary to this policy is that inside Wisconsin, the Wisconsin rules concerning commencement apply.

Although there are no reported Wisconsin cases on point, an examination of analogous Wisconsin precedent, the policies underlying that precedent, and other Wisconsin sources leads us to conclude that the Wisconsin Supreme Court would probably hold that Wis.Stat. § 893.07 does not require the adoption of the commencement provision of the jurisdiction whose statute of limitations applies. Rather, the Wisconsin court would probably hold that Wisconsin's commencement provision applies even when another state's statute of limitations is borrowed under § 893.07.

### III.

For the reasons given, we reverse the district court's order granting appellees' motion for summary judgment. We remand the case for proceedings consistent with this opinion.