963 F.2d 377
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Earnest Lee WADE, Appellant,
v.
A. L. LOCKHART, Director, Arkansas Department of Correction, Appellee.
 No. 91-3209EA.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 14, 1992.
Filed: June 2, 1992.
 
 Before FAGG, Circuit Judge, HENLEY, Senior Circuit Judge, and WOLLMAN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Earnest Lee Wade, an Arkansas prisoner, appeals the district court's dismissal of his fourth petition for a writ of habeas corpus. We affirm.
 
 
 2
 A jury convicted Wade of escape and sentenced him as a habitual offender. Wade contends for the first time on this appeal his sentence violates the Ex Post Facto Clause because the jury sentenced him to an enhanced penalty under a habitual offender statute that did not become law until after he escaped. Recognizing Wade's case may "fall[ ] within the extremely narrow band of cases in which a federal habeas court can grant the writ based on a miscarriage of justice," Jones v. Arkansas, 929 F.2d 375, 381 (8th Cir. 1991), and Wade's newly raised issue "present[s] a compelling case for review," id. at 380, A.L. Lockhart, the appellee, does "not assert any procedural arguments." Appellee's Brief at 1. Confronting the merits of Wade's claim, Lockhart argues the jury properly sentenced Wade because escape is a continuing offense and Wade had not been captured when the new habitual offender statute became law.
 
 
 3
 Arkansas courts have not specifically decided whether escape is an offense that a prisoner continues to commit each day he remains away from custody. Thus, we must determine what the Arkansas Supreme Court " 'would probably hold were it called [on] to decide the issue.' " Dahlberg v. Harris, 916 F.2d 443, 446 (8th Cir. 1990) (quoted case omitted). "To make this determination, [we] may review ' "relevant state precedents, analogous decisions, considered dicta, scholarly works, and any other reliable data tending convincingly to show how the [Arkansas Supreme Court] would decide the issue." ' " Id. (quoted cases omitted). An overwhelming majority of the courts that have addressed the issue, including the United States Supreme Court, have concluded escape is a continuing offense. E.g., United States v. Bailey, 444 U.S. 394, 413 (1980); United States v. Audinot, 901 F.2d 1201, 1203 (3d Cir.), cert. denied, 111 S. Ct. 179 (1990); United States v. Vanover, 888 F.2d 1117, 1120 (6th Cir. 1989), cert. denied, 495 U.S. 934 (1990); State v. Martinez, 781 P.2d 306, 308-309 (N.M. Ct. App. 1989) (citing decisions from various jurisdictions). Having reviewed the language of the Arkansas escape statute, we believe the Arkansas Supreme Court would follow the sound reasoning of these courts. Because Wade continued to commit his escape offense after the new statute became law, we conclude Wade's sentence does not violate the Ex Post Facto Clause. See Audinot, 901 F.2d at 1202-03. Our holding also disposes of Wade's contention that his counsel was ineffective for failing to raise the ex post facto claim. Wade's counsel cannot be considered ineffective for failing to raise a meritless claim. Grubbs v. Delo, 948 F.2d 1459, 1466-67 (8th Cir. 1991), petition for cert. filed, (U.S. Apr. 30, 1992) (No. 91-8129).
 
 
 4
 Wade also contends his counsel was ineffective for failing to assert the prosecution charged Wade under a defective information. The district court dismissed this claim as successive because it was denied on the merits in Wade's third habeas action. See Olds v. Armontrout, 919 F.2d 1331, 1332 (8th Cir. 1990), cert. denied, 111 S. Ct. 1692 (1991). Wade acknowledges he raised this claim in his third petition, but contends the earlier habeas court did not reach the claim's merits. We agree with the district court, however, that the earlier habeas court decided this specific claim lacked merit. Because Wade has also failed to show the ends of justice would be served by reconsidering this claim, we believe the district court did not abuse its discretion in dismissing Wade's claim as successive. See id.
 
 
 5
 We thus conclude the district court properly dismissed Wade's fourth habeas petition. Accordingly, we affirm. See 8th Cir. R. 47B.