NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 17-1340

_____

UNITED STATES OF AMERICA

v.

SHAWN HILLIARD,

Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-14-cr-00134-001)
District Judge: Honorable C. Darnell Jones, II

_____

Submitted Under Third Circuit LAR 34.1(a)
March 6, 2018

Before: MCKEE, AMBRO, and RESTREPO, Circuit Judges

(Opinion filed March 14, 2018)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

AMBRO, Circuit Judge

The Government prosecuted Shawn Hilliard for engaging in a scheme that defrauded several FDIC-insured banks. He pled guilty to one count of bank fraud in violation of 18 U.S.C. § 1344; one count of conspiracy in violation of 18 U.S.C. § 371; and six counts of aggravated identity theft in violation of 18 U.S.C. §§ 2, 1028A.

The District Court sentenced him to 126 months' imprisonment and ordered him to pay $1,375,125.12 in restitution. It found he joined the conspiracy while he was on parole for an unrelated state offense. It also concluded he was responsible for the total loss amount associated with the conspiracy.

Hilliard appeals, challenging his sentence and restitution award. He contends the Court erred in finding that he joined the conspiracy while he was on parole. He also contests the Court's conclusions regarding the specific loss amount attributable to him.

"We review the [D]istrict [C]ourt's factual decisions regarding . . . criminal history calculations . . . for clear error," *United States v. Audinot*, 901 F.2d 1201, 1202 (3d Cir. 1990), and "exercise plenary review over the . . . Court's interpretation and application of the Guidelines," *United States v. Zabielski*, 711 F.3d 381, 386 (3d Cir. 2013). Even if the Court erred, however, "we may . . . uphold its sentence if the error was harmless." *Id.* We review the restitution award and the sentence's substantive reasonableness for abuse of discretion. *See United States v. Turner*, 718 F.3d 226, 235 (3d Cir. 2013) (restitution award); *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc) (substantive reasonableness).

2

We part with the District Court's finding that Hilliard joined the conspiracy before his parole expired, and, based on the record before us, we have concerns about the adequacy of the support for the restitution award and loss amount. Accordingly, we vacate and remand those rulings.

In making the finding that Hilliard joined the conspiracy before his parole expired in October 2012, the Court credited the statements of Rosa Samuels, a co-conspirator who stated she was working for Hilliard when she was arrested on August 7, 2012. These statements, however, were inconsistent with her post-arrest statement, where she told police her accomplice was named "Rick" and described him as "a short, Hispanic male." Gov't Br. at 36. The Government admits Samuels' post-arrest statement "indisputably [does] not fit the description of Hilliard, who is a very tall African-American male." *Id.* While Samuels attempted to reconcile her statements by stating that she called Hilliard "Rick," none of the evidence shows she used that nickname during the conspiracy. Nor does the evidence reflect that the other co-conspirators referred to Hilliard as "Rick." In this context, with testimony that is not coherent and plausible, there is not enough evidence to find that Hilliard joined the conspiracy while he was on parole. *See United States v. Igbonwa*, 120 F.3d 437, 441 (3d Cir. 1997).

Moreover, what occurred was not harmless because it increased Hilliard's final Guidelines range. *See United States v. Langford*, 516 F.3d 205, 215 (3d Cir. 2008). Although the District Court stated it would still impose a 126-month sentence even if it "redid things to [Hilliard's] benefit," J.A. at 365, the record does not unambiguously demonstrate that "the sentencing judge would have imposed the same sentence under a

3

correct Guidelines range," *Langford*, 516 F.3d at 216. Hence we must vacate and remand even in view of the Court's statements during sentencing.

Turning to the restitution amount, the Guidelines provide that a defendant is responsible for "all acts and omissions of others that were . . . *reasonably foreseeable* in connection with [the jointly undertaken] criminal activity." U.S.S.G. § 1B1.3(a)(1)(B)(iii) (emphasis added). Consistent with the Guidelines, courts must conduct "a searching and individualized inquiry into the circumstances surrounding each defendant's involvement in the conspiracy. . . ." *United States v. Collado*, 975 F.2d 985, 995 (3d Cir. 1992). Here, the District Court stated that Hilliard was "in for a penny and for a pound if [his co-conspirators] . . . did any act . . . in pursuance of the object of the conspiracy." J.A. at 325. This is not enough for us to determine what Hilliard's actual restitution award should be. *See United States v. Fallon*, 470 F.3d 542, 549 (3d Cir. 2006) ("Restitution should not be ordered in respect to a loss which would have occurred regardless of the defendant's conduct." (internal quotation marks omitted)). Accordingly, we vacate the restitution order and remand for a new restitution hearing.

To the extent the Court's loss calculation affected Hilliard's sentence, the parties dispute whether the error is harmless. Hilliard admits his base offense level would be the same under his proposed loss calculation, $690,640, and the Court's loss calculation, $1,375,125.12. *See* U.S.S.G. § 2B1.1(b)(1)(H)-(I) (stating that the increase in base offense level is the same for losses between $550,000 and $1,500,000). However, Hilliard also argues that, when imposing its sentence, the Court relied on the "nearly $1.4 million of losses that were caused by the conspiracy," J.A. at 356, a point the

4

Government acknowledges, *see* Gov't Br. at 40 ("At sentencing, the [D]istrict [C]ourt took into account the fraud loss . . . ."). On remand, the District Court will necessarily recalculate the loss amount per our holding on the restitution amount. Hence we need not reach the question of whether the error in calculating the loss amount is harmless.

Finally, we conclude Hilliard's sentence was not substantively unreasonable in relation to the lenient sentences his co-conspirators received. Although courts must consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6), a "[d]isparity of sentence between co-defendants does not of itself show an abuse of discretion," *United States v. Cifuentes*, 863 F.2d 1149, 1156 n.5 (3d Cir. 1988). We have held § 3553(a)(6) "plainly applies only where co-defendants are similarly situated." *United States v. Parker*, 462 F.3d 273, 278 (3d Cir. 2006). Here Hilliard's co-conspirators, Antonio and Tito Clemente, received downward variances based on their post-offense rehabilitation efforts. Hilliard, by contrast, did not engage in the same efforts. Instead, he attempted to avoid a positive drug test, absconded from pretrial supervision, and lied about his identity when he was apprehended. Nothing on this issue even remotely suggests an abuse of discretion.

Thus we vacate and remand the sentence based on the Court's finding that Hilliard was on parole when he joined the conspiracy. We also vacate the restitution award and loss amount and remand for resentencing. We affirm otherwise.

5