**UNITED STATES of America, Appellee,**

v.

**Javier CIFUENTES, Appellant.**

**No. 88–5342.**

United States Court of Appeals,
Third Circuit.

Argued Sept. 16, 1988.
Decided Dec. 30, 1988.

Frank D. Angelastro (Argued), Newark, N.J., for appellant.

Marion Percell (Argued), Edna Ball Axelrod, Appeals Div., U.S. Attys. Office, Newark, N.J., for appellee.

Before BECKER, HUTCHINSON and SCIRICA, Circuit Judges.

## OPINION OF THE COURT

HUTCHINSON, Circuit Judge.

### I.

Javier Cifuentes appeals a pre-guidelines sentence of ten years imprisonment and a $1,000 fine. The United States District Court for the District of New Jersey imposed this sentence after Cifuentes pled guilty to conspiring to distribute and to possess cocaine with intent to distribute, contrary to 21 U.S.C.A. § 846 (West 1981). Conviction for this offense under § 846 is punishable by a maximum penalty of twenty years imprisonment and a $1,000,000 fine. *See* 21 U.S.C.A. § 841(b)(1)(C) (West Supp.1988).

Cifuentes contends his sentence should be vacated for two reasons. He argues that the government violated its plea agreement with him when it falsely advised the district court that Cifuentes did not cooperate as he had promised. In doing so, Cifuentes argues, the government violated his right to due process. He also contends his sentence is excessive when compared to the three year sentence imposed on his co-defendant. The government commented on her cooperation and the district court took this factor favorably into account.

The government did not violate the plea agreement because it made no promise to recommend a specific sentence. We also reject Cifuentes's claim that the disparity between his ten year sentence and the three year sentence imposed on his co-defendant demonstrates an abuse of discretion. However, we find it necessary to vacate his sentence and remand this case to the district court to clarify the ambiguity in this record as to whether it relied on the government's disputed unfavorable characterization of Cifuentes's cooperation. If it did, the district court should vacate the sentence, grant Cifuentes's request for a hearing on the factual question of cooperation, and make appropriate findings on that question before resentencing. If it did not, the imposed sentence can be reinstated.

### II.

The district court had subject matter jurisdiction over Cifuentes's violation of 21 U.S.C.A. § 846 pursuant to 18 U.S.C.A. § 3231 (West 1985). We have appellate jurisdiction over the district court's order imposing sentence on Cifuentes pursuant to 28 U.S.C.A. § 1291 (West Supp.1988).

With respect to Cifuentes's claim that the sentence is excessive, we review the district court for abuse of discretion. Our scope of review is plenary, however, in determining whether the district court violated Cifuentes's constitutional right to due process by taking into account a disputed fact concerning his cooperation without an appropriate hearing.

### III.

Cifuentes and his co-defendant, Inez Garcia, were indicted on two drug offenses. The first count charged them with conspiracy to distribute and to possess with intent to distribute multi-kilogram quantities of cocaine in violation of 21 U.S.C.A. § 846. The second count charged them with knowingly possessing cocaine with intent to distribute 12½ kilograms of cocaine in violation of 21 U.S.C.A. § 841(a)(1) (West 1981). By reference to the offense that was the object of the conspiracy, section 846 autho-

rizes a maximum penalty of twenty years in prison and a $1,000,000 fine.

The parties reached a plea agreement and reduced it to writing. In it, Cifuentes agreed to plead guilty to Count One and the government agreed to drop Count Two. The agreement required Cifuentes to cooperate with the government and to truthfully disclose his own drug activities and those of others known to him. In the plea agreement the government expressly refused to make any specific sentencing recommendation, but did make a combined threat and promise to bring its assessment of Cifuentes's cooperation, or lack of it, to the sentencing court's attention.

Three days before sentencing, the government advised the sentencing judge by letter that Cifuentes had been "deceitful, uncooperative and unwilling to help, in any manner." The letter went on to say, "Furthermore, defendant has refused to identify fellow narcotic traffickers and members of his Columbian drug organization." The pre-sentence report contains references, to which Cifuentes objects, to the government's assertion about his role in "an organization responsible for ... distribution of large quantities of cocaine...." The government's letter asked that Cifuentes's sentence reflect not only "the severity of the charges" but also "his untrustworthiness and his lack of cooperation."

Cifuentes's counsel responded in writing, disputing the accuracy of these assertions. He sought discovery of all notes and memoranda concerning the government's postplea discussions with Cifuentes and a continuance of sentencing to allow him an opportunity to review the matter with his client.

Sentencing proceeded as scheduled. At the sentencing hearing Cifuentes's counsel disputed the factual accuracy of three portions of the pre-sentence report. They were: (1) the reference to his role as part of an organization responsible for large scale cocaine distribution in "the New York–New Jersey area," (2) the companion statement that he was more culpable than his co-defendant, and (3) a statement describing him as an "upper echelon trafficker, controlling couriers...." In addition, counsel objected to the government's letter accusing Cifuentes of duplicity and lack of cooperation. After the government modified the statement in the pre-sentence report that Cifuentes was more culpable than Garcia to one that they were equally culpable, Cifuentes asked for a hearing on the accuracy of the government's statement that Cifuentes had been deceitful and uncooperative.

With respect to Cifuentes's objections to the three items in the pre-sentence report, the government suggested the district court either hold a *Fatico* hearing and call the DEA agent to testify about them or rely on the "other aspects of the Presentence Report." Appendix (App.) at 34. The court proceeded without a hearing on either the government's claim of lack of cooperation or the disputed portions of the pre-sentence report after stating it had "a good Presentence Report with only a couple of parts objected to by [Cifuentes]." *Id.* at 36. The court then inquired whether Cifuentes had identified the person to whom he would give the drugs. *Id.* at 38. After considering favorable letters from Cifuentes's family and friends and hearing his expressions of contrition, the district court imposed the ten year sentence, stating it had "carefully considered the Presentence Report ... all of the letters that were sent in behalf of Mr. Cifuentes, [and] the comments of counsel for Mr. Cifuentes as well as [his own] statements." *Id.* at 41–42. This appeal followed.

## IV.

■ Cifuentes contends the failure to give him a hearing on the accuracy of the government's statement that he was uncooperative deprived him of a fair sentencing. He couches this argument in the context of a claim that the government violated the plea bargain agreement. To do so, he interprets a statement in the agreement that the government would inform the sentencing judge and the Probation Department of " 'the full nature and extent' of [his] cooperation ..." as a promise. Appel-

lant's Brief at 10. The premises of his contention are that the statement is untrue, that the sentencing court nevertheless accepted it, and that the court relied on it to his detriment in imposing a ten year sentence. As evidence that the court relied on the government's contested statement about his lack of cooperation, Cifuentes points to the three year sentence the same judge imposed on his co-defendant. The government had argued that Garcia and Cifuentes were equally culpable but the judge had expressly noted Garcia's cooperation with approval.

The government argues in response that Cifuentes had no right to a hearing on the extent of his cooperation under this plea agreement. It made no promise of any specific sentencing recommendation in return for any cooperation, but merely warned Cifuentes that it reserved the right to bring his failure to cooperate to the sentencing court's attention.

Having contended that Cifuentes was deceitful and uncooperative in refusing to identify fellow members of a large and important drug ring, the government argues that he has waived the protection of Federal Rule of Criminal Procedure 32(c)(3)(D) relating to alleged inaccuracies in pre-sentence reports by not expressly relying on it.[1] Alternately, it contends he could get no benefit from that rule's provisions requiring either express judicial findings or disclaimer of reliance on the contested fact in sentencing because the pre-sentence report has no reference to either Cifuentes's cooperation or his lack of it.

Cifuentes argues the government's allegedly false assertion about his failure to cooperate violated important due process rights. The cases he cites involve due process claims in the context of the government's failure to perform a promise it made in a plea bargain. *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *Machibroda v. United States*, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962). They have their rationale in the proposition that a criminal defendant who pleads guilty waives fundamental rights in reliance on the government's promise of leniency and is entitled to performance of the promise absent his own breach. *Santobello*, 404 U.S. at 262, 92 S.Ct. at 498; *United States v. Calabrese*, 645 F.2d 1379, 1390 (10th Cir.), *cert. denied*, 451 U.S. 1018, 101 S.Ct. 3008, 69 L.Ed.2d 390 (1981).[2]

The parties' arguments miss the center of the mark. Cifuentes cites *United States v. Simmons*, 537 F.2d 1260 (4th Cir.1976), and *United States v. Swinehart*, 614 F.2d 853 (3d Cir.), *cert. denied*, 449 U.S. 827, 101 S.Ct. 90, 66 L.Ed.2d 30 (1980), for the proposition that a hearing is necessary when the government promises, as part of a plea bargain, to take a defendant's cooperation into account and the nature or extent of that cooperation is in dispute. In both those cases the government promised to recommend a specific sentence in return for cooperation. Here, the government promised only to dismiss Count Two, agreed to no specific recommendations on Count One, advised Cifuentes of the statutory maximum, the court's broad discretion and reserved the right, in its discretion, to advise the court of any lack of cooperation.

Likewise, the government's argument that Federal Rule of Criminal Procedure 32(c)(3)(D) has no application to this case, while initially appealing, lacks merit. In arguing that the pre-sentence report does not refer to Cifuentes's cooperation, the government ignores the interlocking and

---

**1.** That Rule provides in part:

(D) If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any actual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons.

**2.** We note that, depending on the circumstances, a possible remedy for the government's breach of a promise made to a performing defendant in a plea bargain is withdrawal of the guilty plea. *Santobello*, 404 U.S. at 263, 92 S.Ct. at 499. Cifuentes has made no withdrawal motion.

somewhat overlapping contested assertions about Cifuentes's important role in a large and sophisticated drug ring contained in both the pre-sentence report and the government's letter asserting Cifuentes's failure to cooperate.

The contested paragraph in the pre-sentence report reads in part:

Cifuentes ... is believed to be part of a criminal organization responsible for the distribution of multi-kilogram quantities of cocaine, on a monthly basis, in New Jersey and New York. [DEA agents] described him as an upper echelon trafficker, controlling couriers (including [his co-defendant]), accepting delivery of the transported drugs, and distributing the drugs to others.[3]

Presentence Report at 3 (footnote added).

The government's letter to the sentencing court asserting Cifuentes's failure to cooperate said, in part:

Since defendants [sic] plea of guilty he has been interviewed and debriefed on several occassions [sic] by [DEA agents. They] have found defendant to be deceitful, uncooperative and unwilling to help, in any manner. Furthermore, defendant has refused to identify fellow narcotic traffickers and members of his Columbian drug organization.

App. at 26.

■ The government's argument that relief is precluded because Federal Rule of Criminal Procedure 32(c)(3)(D) is not implicated on this appeal cuts too fine. A criminal defendant, as the government concedes, has a due process right not to have his sentence based upon "materially false" information. *Townsend v. Burke*, 334 U.S. 736, 741, 68 S.Ct. 1252, 1255, 92 L.Ed. 1690 (1948); *United States v. Katzin*, 824 F.2d 234, 240 (3d Cir.1987) ("sentencing on the basis of materially untrue assumptions violates due process"). The government argues that defendant must fall between two

stools because Federal Rule of Criminal Procedure 32(c)(3)(D)'s requirement that the court either make findings or disclaim reliance relates only to material in the sentencing report, while the right to a hearing in a dispute over a provision in a plea bargain agreement requiring cooperation exists only when the government promises a specific sentencing recommendation in return for cooperation. This dichotomy, however, does not exhaust the possibilities. It ignores Cifuentes's due process right not to be sentenced on materially false information. Cifuentes plainly questioned the accuracy of the statements in the government's letter and pre-sentence report about his cooperation in identifying the members of his drug organization and his role in it.

However, Cifuentes is not entitled to a hearing on the factual issues his objections raise if the sentencing court did not consider the disputed information material to its sentence. Here, the sentencing court did not expressly disclaim reliance on the disputed fact of non-cooperation or Cifuentes's allegedly high status in the drug ring. The government argues that an express disclaimer of reliance on disputed material is not always required, even where that material appears in a pre-sentence report. In support it cites a statement in *United States v. Gomez*, 831 F.2d 453, 457 n. 3 (3d Cir.1987), and implies that there is even more flexibility with respect to grant or denial of a hearing when the specifics of the rule are inapplicable and only the more general standard of due process applies. *See* Government's Supplemental Brief at 3 n. 1.

■ The government goes on to argue the sentencing court had no need to make findings even though it was "presented with some contradictory facts" because it could, "within its discretion, determine that it ha[d] adequate undisputed information to

---

**3.** Defendant expressly objected to the accuracy of this portion of the pre-sentence report. He also objected to a statement in it setting forth the government's contention that his "specific role was controlling couriers, accepting deliveries of transported drugs and distributing drugs to others." Presentence Report at 8. An addendum to the pre-sentence report states that the government concedes the inaccuracy of the statement in the report that Cifuentes was more culpable than his co-defendant, but adheres to its contentions, to all of which Cifuentes objects. App. at 29, 30.

properly sentence the defendant." *United States v. Stephens*, 699 F.2d 534, 537 (11th Cir.1983). According to the government, this is just what the sentencing court did here. To the extent this language from *Stephens* implies that disputed information the court found immaterial to its sentence need not be the subject of a hearing, we accept it as a truism. If, however, it is meant to imply that a sentence imposed on a record which contains disputed information material to the sentence can stand, provided there is other undisputed information on which the sentence could be based, it is wrong. To the extent it implies that a sentence can stand if the record is ambiguous as to whether the judge relied only on the undisputed information, we do not find it persuasive.

Finally, the government contends that the record before us shows that the sentencing court did not consider either the disputed portions of the sentencing report or the disputed statement about Cifuentes's deceitfulness and failure to cooperate. To determine whether this is so, we examine the record of what transpired at Cifuentes's sentencing. After defense counsel had set forth his objections to the two remaining disputed items in the sentencing report, as well as his objections to the government report of non-cooperation, the court, without expressly referring to the government's suggestion that it hold a *Fatico* drug hearing and call the agent to elicit from him testimony to demonstrate the reliability and accuracy of the disputed information, said:

THE COURT: Mr. Angelastro, I have your position on those things.

The Court has read the entire Presentence Report and appreciates your position. I don't think it is necessary to hold a hearing on that part of it. I've got the entire picture.

I've a good Presentence Report with only a couple of parts objected to by you. I think it gives me an adequate measurement of the defendant for purposes of sentencing here today.

Obviously, the charge in and of itself is an extremely serious charge, putting aside for the moment any allegations, if you would, in the Presentence Report by the government concerning other things.

I'm prepared to proceed. Would you like to say anything else?

App. at 36. Defense counsel responded: No, your Honor. Just that they were serious allegations made against him. I don't believe that they are true. I believe he has cooperated fully with the government. According to what he's told me he said to the government and according to what he told me prior to the time he was interviewed by the government, I believe he's told me all that he's been involved in; that he was involved in two separate occasions. One was the occasion that gave rise to this indictment and one several months prior to that. *Id.* at 36–37. Immediately thereafter the following colloquy occurred:

THE COURT: That is his version.

MR. ANGELASTRO: His version. I don't believe the government has anything further to contradict that version. They haven't brought forth anything except the allegation that he was part of a large organization that did this on a regular basis.

Your Honor—

THE COURT: He certainly wasn't the carrier.

MR. ANGELASTRO: No, he was not.

THE COURT: He was the recipient.

MR. ANGELASTRO: He was the recipient.

THE COURT: I expect he went some place or would go some place from there.

MR. ANGELASTRO: Yes.

THE COURT: Just a logical inference from the facts I have before me.

MR. ANGELASTRO: That's correct. He was receiving it from somebody who brought it up from down South. He had it in his car. That was the objective. Somebody else would pick it up.

THE COURT: Did he identify the person who he was going to give it to?

MR. ANGELASTRO: He didn't know, your Honor.

THE COURT: Okay. What about sentencing? What is your suggestion?

*Id.* at 37–38. Defense counsel then went on to argue, based in part on letters from friends and family, that Cifuentes was a steady worker and a family man. He argued Cifuentes was not a typical drug dealer, but a person who was remorseful for his present mistake, as well as one other. Counsel pointed out Cifuentes had freely admitted this other mistake to state officials who had not charged him because he had fully cooperated with them. Finally, Cifuentes himself said he knew he had made a mistake and should pay for it, he was sorry, and able to mend his ways and "do good in front of society." *Id.* at 41.

The court then prefaced its pronouncement of sentence with the following statements:

> The Court has carefully considered the Presentence Report, has carefully considered all of the letters that were sent in on behalf of Mr. Cifuentes, has also considered the comments of counsel for Mr. Cifuentes as well as the statements made by Mr. Cifuentes here.

> The Court is very much concerned that we are dealing with drugs. As far as this Court is concerned, it is the biggest evil in our society. There is no greater evil than drugs. It is a cancer. People who deal in drugs know what they're dealing with. It is no secret. Their eyes are wide open. They do it for profit and they do it for money. This Court does not sympathize with individuals who deal in drugs.

*Id.* at 41–42.

This sentencing record shows what the district court considered. It does not, expressly or by implication, show that the district court did not consider either the portions of the pre-sentence report Cifuentes objected to or the government's written assertion he was deceitful and did not cooperate. It is, at best, ambiguous. Reading it, we remain uncertain whether the district court relied on either the disputed parts of the sentencing report or accepted the government's request that it take into account not just "the

severity of the charges" but also "his untrustworthiness and lack of cooperation." If the court did take them into account and they prove inaccurate, Cifuentes will have been deprived of his right not to be sentenced based on materially false information. Whether or not Federal Rule of Criminal Procedure 32(c)(3)(D) applies in this context, an express disclaimer of reliance or express findings on the accuracy of disputed information before the sentencing court is the better practice.

■ We do not, however, believe the technical rules of evidence which govern a trial, including the hearsay rule, apply in all their rigor to the resolution of disputes about the accuracy of sentencing information. *See United States v. Fatico*, 603 F.2d 1053, 1054 (2d Cir.1979), *cert. denied,* 444 U.S. 1073, 100 S.Ct. 1018, 62 L.Ed.2d 755 (1980). Nevertheless, where, as here, the disputed information is important to the fashioning of an appropriate sentence, the court, if it relies on it, should grant a hearing at which the government, through testimony and other relevant evidence about its investigation, can attempt to show the disputed information is reliable and the defendant can produce evidence, including his own testimony, to refute it. The sentencing court can then properly decide whether the disputed information is accurate.[4] If it does not rely on the disputed facts, it should expressly say so.

Our conclusion that the record is at best ambiguous as to whether the district court considered Cifuentes's disputed lack of cooperation, coupled with our holding that the government must show non-reliance on disputed facts material to the exercise of judicial discretion in sentencing, makes it unnecessary to consider Cifuentes's argument that the disparity between his sentence and that imposed on his co-defendant shows the government's statement about his lack of cooperation was improperly considered.

---

**4.** We note that the need for such a hearing is even greater under the guidelines adopted under the new Sentencing Code because of the substantial restrictions placed on the sentencing judge's discretion and the importance of accurate sentencing information to the achievement of the Code's and guidelines's goal of sentencing uniformity.

## V.

We cannot tell whether the district court in sentencing Cifuentes relied on his disputed lack of cooperation with authorities or on the two portions of Cifuentes's pre-sentence report which remain disputed. Therefore, we will vacate his sentence and remand the case to the district court to clarify the record by stating whether it relied on these disputed facts in sentencing Cifuentes to ten years imprisonment and a fine of $1,000. If, thereafter, the record shows the district court relied only on undisputed material, Cifuentes's sentence can be reinstated. If the district court did rely on disputed material, it shall grant Cifuentes's request for a hearing on so much of the disputed information as it did rely on. At that hearing the government should present evidence about its investigation sufficient to show this material's reliability. Cifuentes may present rebuttal evidence. On all of the evidence so presented, the district court shall determine the accuracy of the disputed information, thereafter exercise its discretion and resentence Cifuentes in reliance only on the undisputed information already before it and those parts of the disputed items it finds accurate.[5]

---

5. We have considered and rejected Cifuentes's arguments that the disparity between his sentence and that of his co-defendant shows his sentence was excessive. A ten year sentence on this record is not an abuse of discretion considering the quantity of drugs involved. Disparity of sentence between co-defendants does not of itself show an abuse of discretion. *See, e.g., United States v. Endicott,* 803 F.2d 506, 510 (9th Cir.1986) (no abuse of discretion where defendant sentenced to two years in prison and three years probation while more culpable co-defendant sentenced to six months in prison with recommended work release and five years probation); *United States v. Peters,* 791 F.2d 1270, 1303 (7th Cir.) (no abuse of discretion where defendant sentenced to twelve years and co-defendant to eighteen months in prison), *cert. denied,* 479 U.S. 847, 107 S.Ct. 168, 93 L.Ed.2d 106 (1986); *United States v. Herrera,* 757 F.2d 144, 150 (7th Cir.1985) (no abuse of discretion where defendant sentenced to 25 years in prison and co-defendant sentenced to six years in prison and five years probation); *United States v. Garrett,* 680 F.2d 650, 652 (9th Cir.1982) ("a disparity in the sentences imposed upon co-defendants does not by itself indicate that the sentencing judge has abused his discretion or that review is required").