

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-6-2009

# USA v. Leon Foreman

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3574

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Leon Foreman" (2009). *2009 Decisions.* Paper 1587.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1587

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————————

No. 07-3574

—————————

UNITED STATES OF AMERICA

v.

LEON LAND
a/k/a LEON FOREMAN
a/k/a LEON L. LAND
a/k/a LOUVIORE CARTER
a/k/a LEON CARTER-LAND
a/k/a LEON CARTER LAND
a/k/a LEON CARTER
a/k/a LEON CARTER-FOREMAN
a/k/a TERRY LAND
a/k/a LEON JR. CARTER
a/k/a LOUVIERS LAND

Leon Foreman,
Appellant

—————————

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 06-cr-00588-1)
District Judge: Honorable Robert B. Kugler

—————————

Submitted Under Third Circuit LAR 34.1(a)
February 3, 2009

Before:  RENDELL, JORDAN, and ROTH,  Circuit Judges

(Filed: April 6, 2009)

---

OPINION OF THE COURT

---

RENDELL, Circuit Judge.

Appellant was indicted on charges relating to a scheme to falsely obtain money and property from a bank through a series of fraudulent transactions, including business loans. Appellant pleaded guilty to wire fraud and money laundering in violation of 18 U.S.C. §§ 1343 and 1957(a) in a signed written statement, as well as orally at a January 5, 2007 plea hearing. Appellant was sentenced to 24 months in prison and ordered to make restitution to the victim, a creditor bank, in the amount of $79,395.68. He filed a timely appeal.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. *See United States v. Tannis*, 942 F.2d 196, 197 (3d. Cir. 1991). In his *pro se* brief, Appellant argues that his indictment was flawed and his true identity was never verified in the prosecution of his case, which we construe as a challenge to his ultimate plea. He also argues that the loss amount attributed to him was too high, resulting in excessive restitution and sentencing. However, Appellant points to nothing in the record or elsewhere to justify a lower figure. Appellant further alleges judicial misconduct and ineffective assistance of counsel. Seeking to withdraw from representation, counsel for Appellant filed an *Anders* brief.

2

In his plea agreement, Appellant waived his right to appeal as long as the stipulations in the plea were accepted by the District Court. Waivers of rights to appeal are generally enforced in this circuit unless "a miscarriage of justice" would result. *See United States v. Khattak*, 273 F.3d 557, 562 (3d Cir. 2001). Without deciding to affirm on the basis of Appellant's waiver, we consider his potential grounds for appeal for the purpose of addressing his counsel's *Anders* brief.

In assessing an *Anders* brief, we must determine: 1) whether counsel has thoroughly examined the record for appealable issues and has explained why any such issues are frivolous; and 2) whether an independent review of the record presents any non-frivolous issues. *United States v. Thomas*, 389 F.3d 424, 425 (3d Cir. 2004); *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). If the *Anders* brief appears adequate, we will confine our scrutiny to the portions of the record identified in Appellant's *pro se* brief and counsel's *Anders* brief. *See Youla*, 241 F.3d at 301. The standard of review for frivolousness is determined by the standard of review for each issue. *See*, *e.g.*, *United States v. Schuh*, 289 F.3d 968, 974-76 (7th Cir. 2002). "We exercise plenary review over the district court's legal conclusions and apply a clearly erroneous standard to its factual findings." *Cradle v. United States ex. rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002). With respect to claims of excessive sentence we review under an abuse of discretion standard. *See United States v. Cifuentes*, 863 F.2d 1149, 1150 (3d Cir. 1988).

Our independent review of those portions of the record addressing issues raised by the *Anders* and *pro se* briefs reveal no non-frivolous arguments. Appellant argues that his

3

indictment was flawed, but the only potential "flaw" he identifies was that the Government never verified Appellant's identity. First, although he was indicted, Appellant waived his right to prosecution by indictment. Second, the only available challenges to an indictment after an unconditional guilty plea are for lack of jurisdiction or failure to charge a crime, neither of which are alleged or feasible here. *See United States v. Hedaithy*, 392 F.3d 580, 586 & n.6 (3d Cir. 2004).

Regardless of whether we construe this as a challenge to Appellant's indictment or to his ultimate guilty plea, it is frivolous because his identity was sufficiently verified. Appellant asserts that his counsel gave a combination of the names "Land" and his real surname, "Foreman," to the District Court. In fact, the headings on all relevant documents list multiple aliases, but include Appellant's admitted full name of "Leon Foreman," which is also the name Appellant signed on the plea agreement. During the plea hearing, the District Court referred to Appellant as "Mr. Foreman," per his request.

Counsel addresses the sufficiency of Appellant's plea and notes that Appellant pleaded guilty only after counsel's thorough "line by line and item by item" explanation. (AA 142.) Appellant asked numerous questions about the plea and professed to understanding its significance. Appellant signed the plea agreement in counsel's presence on two occasions. Furthermore, the plea agreement and plea hearing transcript do not suggest any coercion of Appellant by the Government or the Court, and Appellant indicated that he was not under the influence of any substance. Appellant admitted, after detailed explanation, to the offenses charged including using a false social security

4

number, creating falsified loan applications and receiving checks thereon, and depleting certain accounts. After this thorough explanation and Appellant's admission of guilt, the District Court found Appellant to be "competent, [and] capable of entering a knowing and intelligent plea." (AA 41.) We find it patently frivolous for Appellant to claim his plea or indictment was rendered ineffective for lack of identification, because his name appeared on all of the relevant documents and he admitted guilt orally and in a written plea agreement competently signed by Leon Foreman.

As to the loss amount, Appellant claims that further research would have uncovered additional payments to the victim bank that would have reduced the overall injury, and would have reduced the length of his sentence. However, Appellant offers nothing to substantiate these claims. Counsel explains that he researched the loss amount issue, and uncovered additional loan payments to the victim which resulted in a reduction of more than $55,000 in restitution. Furthermore, Appellant was sentenced to 24 months, instead of the originally recommended 28 month sentence. We find that counsel thoroughly investigated the loss amount and successfully argued the matter resulting in a reduction in restitution and sentence. We find no non-frivolous argument suggesting that the loss amount would have been further reduced through additional investigation, and conclude that the District Court did not abuse its discretion in Appellant's sentencing.

Appellant also argues that he was a victim of ineffective assistance of counsel and judicial misconduct. First, as Appellee points out, we "generally do[] not review Sixth Amendment ineffective assistance of counsel claims on direct appeal." *See United States*

*v. Olfano*, 503 F.3d 240, 246 (3d Cir. 2007). Appellant's contention that there was judicial misconduct also fails. As we stated above, Appellant entered a knowing, intelligent, voluntary, uncoerced plea. Counsel contends, and we agree, that there was no discernable misconduct, unfairness, or partiality on the part of the District Court.

The issues raised by Appellant are patently without merit and, through our own independent review, we can identify no other non-frivolous arguments. Accordingly, counsel is under no obligation to file a petition for writ of certiorari in the Supreme Court per 3d Cir. L.A.R. 109.2(b).

We will AFFIRM the judgment of the District Court and, in a separate order, GRANT counsel's motion to withdraw.