**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-1528

_____

UNITED STATES OF AMERICA,

v.

LUKNER RENE,
                            Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No. 2:09-cr-00060-001)
District Judge: Honorable Kai N. Scott

_____

Submitted under Third Circuit L.A.R. 34.1(a)
June 27, 2025

Before: MONTGOMERY-REEVES, ROTH, and AMBRO, <u>Circuit Judges</u>

(Opinion filed: August 4, 2025)

_____

OPINION[*]

_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

AMBRO, Circuit Judge

Lukner Rene appeals from his resentencing, contending that the District Court did not adequately incorporate the Sentencing Guidelines, his history and characteristics, the sentences of his co-defendants, and his motion for a downward variance. But the Court indeed considered these factors, plus it gave sound reasons for departing from the Guidelines. Because the latter sentence meets the standard for substantive reasonableness, evincing no abuse of discretion by the District Court, we affirm.

**I**

In 2010, Rene pled guilty to one count of conspiracy to commit robbery; six counts of Hobbs Act robbery and aiding and abetting it, in violation of 18 U.S.C. §§ 1951 and 2; and two counts of carrying and using a firearm during a crime of violence. These offenses involved armed robberies of fast-food restaurants in and around Philadelphia. The presentence report (PSR) calculated a Guideline range of 514 to 546 months. The Court imposed a term of 240 months.

The sentencing, however, involved complications that muddy the waters: a Guideline-calculation error and a change of law prompting resentencing. But these do not change our opinion of the District Court's reasonableness at the resentencing stage.

First, the Probation Office miscalculated the Guideline range at Rene's initial sentencing. The parties agreed that Rene's total offense level was 27 and that he fell into criminal history category I. However, the PSR applied the range for an offender in criminal history category VI, and neither the parties nor the Court caught the error. The proper range would have been 454 to 471 months.

2

Second, a change in jurisprudence required a reconsideration of Rene's convictions after he had served some 13 years in prison. The Government and defense filed a joint motion for resentencing after *United States v. Taylor*, 596 U.S. 845, 851 (2022), established that attempted Hobbs Act robbery is not necessarily a crime of violence. Rene had been convicted of two counts under 18 U.S.C. § 924(c) for using or carrying a firearm during or in relation to a crime of violence, predicated on his Hobbs Act robbery charges—one of which was a completed robbery and the other an attempt. Post *Taylor*, attempted Hobbs Act robbery does not qualify as a § 924(c) predicate offense. 596 U.S. at 860. The District Court granted the motion and vacated the count that corresponded to Rene's attempted robbery.

At the resentencing, the Government urged the Court to eschew the categorical approach from *Taylor's* asserting that even if attempted Hobbs Act robberies do not necessarily entail violence, Rene's attempt offense did. And Rene had avoided four additional § 924(c) charges, stemming from actual rather than attempted robberies, that the Government dropped at the initial sentencing pursuant to a plea agreement. So, in the Government's view, it was "pure happenstance" that the *Taylor*-invalidated charge, the only one derived from attempted robbery, was one that remained. Gov't. Br. 10–11.

The District Court resentenced Rene in March 2024. A supplemental presentence investigation report prepared by the Probation Office calculated a new Guideline range of 162 to 181 months, based upon Rene's revised, post-*Taylor* total offense level and (now accurate) criminal history category. The Government argued for reinstatement of the 240-month sentence, citing Rene's numerous disciplinary infractions while in prison, the

3

reduction already created by the dismissed counts, and the shortcomings of the categorical approach here.

Counsel for Rene discussed the miscalculation underlying his original sentence and said that the 240-month sentence had been a 53% reduction from the bottom of the incorrect Guideline range. She noted that a 53% reduction from the corrected, pre-*Taylor* Guideline range would have yielded a sentence of 212 months instead. To defense counsel, that should be the starting point for a further downward variance, based on Rene's program accomplishments in prison, strong family support, and that he was only 18 years old at the time of conviction.

But the Court emphasized the 75 disciplinary infractions that Rene received during his recent years in prison. It alighted on the defense counsel's calculation and imposed a 212-month sentence. Rene now appeals that ruling, arguing substantive unreasonableness.

## II[1]

Rene argues on appeal that the upward variance at the resentencing was substantively unreasonable. We disagree.

We review the substantive reasonableness of a sentence under an abuse-of-discretion standard. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). If a sentence is procedurally sound, as all agree was the case here, we presume it to be substantively reasonable "unless no reasonable sentencing court would have imposed the

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

4

same sentence on that particular defendant for the reasons the [D]istrict [C]ourt provided." *Id.* at 568. We evaluate substantive reasonableness by considering whether the District Court rationally and meaningfully considered the factors listed in 18 U.S.C. § 3553(a). *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (en banc). There is no presumption of unreasonableness if a sentence is outside the Guideline range; it is within the District Court's discretion to depart from it. *Gall v. United States*, 552 U.S. 38, 51 (2007).

Rene preserved the issue of his sentence's reasonableness by arguing for a lower sentence before the District Court. *See United States v. Flores-Mejia*, 759 F.3d 253, 256 (3d Cir. 2014) (en banc); *Grier*, 475 F.3d at 571 n.11. On appeal, he argues that the upward variance was substantively unreasonable because it "fail[ed] to reflect the defense motion for a downward variance, the history and characteristics of the defendant, and [the] consideration of the . . . Guideline range." Rene Br. 17.

But the sentencing transcript shows that the District Court discussed and applied each of these factors. Even after considering the defense's motion for a downward variance and the new Guideline range, the Court emphasized Rene's disciplinary infractions in prison as a reason for its revised sentence. It discussed Rene's youth at the time of his offense, his educational achievements and program participation while incarcerated, and the difficulties and dangers he faces in prison—all concerns emphasized by the defense in its brief. But the Court observed that Rene came into his resentencing in an even worse position than at the first sentencing, given the long trail of disciplinary infractions dating even to the year before the resentencing hearing. It considered the

5

updated Guideline range of 162 to 181 months, which neither the Government nor Rene had disputed. Because Rene had already served 183 months at the time of the hearing, comporting with the Guidelines would essentially mean an immediate release. The Court was unwilling to be so lenient nor to ratchet the sentence up as far as the Government's requested 240 months. It chose the 212-month sentence mentioned by Rene's counsel— the initial Guideline sentence she contended it would have been without the calculation error—as an appropriate middle ground.

Rene also argues that departing from the updated Guideline range leads to "unwanted disparities." Rene Br. 4. We have held that a "[d]isparity [in] sentence[s] between co-defendants does not of itself show an abuse of discretion." *United States v. Cifuentes*, 863 F.2d 1149, 1156 n.5 (3d Cir. 1988). The § 3553(a) factors facilitate similar treatment of similarly situated defendants across the nation, but do not compel "uniformity among co-defendants in the same case." *United States v. Parker*, 462 F.3d 273, 277 (3d Cir. 2006). The District Court here discussed its obligation to avoid sentencing disparities amongst defendants with similar conduct and records and used that principle to inform its decision. Even if its sentence were "significantly outside the Guidelines range," our Court must review it under a "deferential" abuse-of-discretion standard. *Gall*, 552 U.S. at 41. The District Court's decision clears *Tomko*'s low bar: we cannot conclude that no reasonable court would act as it did. 562 F.3d at 568.

*     *     *

We do not "find that a district court's failure to give mitigating factors the weight a defendant contends they deserve renders the sentence unreasonable." *United States v.*

6

*Bungar*, 478 F.3d 540, 546 (3d Cir. 2007). We look for a "reasoned and rational justification for a sentence." *Grier*, 475 F.3d at 572. Though Rene disagrees with his sentence, we conclude that the Court considered his variance motion and history and personal circumstances, along with the correct Guideline calculation and his co-defendants' sentences. Its ruling was justified for the reasons it cited. Because the Court acted within its discretion, we affirm.